UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        **DECISION AND ORDER**

v.                                                      10-MJ-01119-JJM-1

KEVIN P. SMITH,
                          Defendant.
_____

        Before me is defendant's motion for release from custody [12].[1] For the following reasons, a final decision on the motion will be deferred pending a detention hearing.

**BACKGROUND**

        By complaint dated October 29, 2010 [1] defendant was charged with threatening federal officials, in violation of 18 U.S.C. §§115(a)(1)(B) and 844(e). From his statements and his demeanor at his initial appearance on October 30, 2010 [2], it immediately became apparent to counsel and to me that there was a serious question as to defendant's mental competency to proceed in this case. Accordingly, pursuant to 18 U.S.C. §4241(b), I ordered defendant to undergo a psychiatric examination.

        Defendant was examined by Dr. Ana Natasha Cervantes who, in a report dated November 16, 2010 [9], found that defendant was not mentally competent to proceed at that time. Following a hearing on November 29, 2010 [8], I concluded that defendant was not mentally competent, and in accordance with 18 U.S.C. §4241(d), I ordered that he be "returned to the custody of the Attorney General for hospitalization and treatment in a suitable facility for the

---

[1]     Bracketed references are to CM-ECF docket entries.

purpose of being examined and evaluated for an opinion as to whether he can be restored to competency" [10].

Although it was anticipated that defendant would be transported to the Bureau of Prisons facility at Butner, North Carolina, he was initially remanded to the Niagara County Jail until a bed at Butner became available. On Friday, December 10, 2010 I was advised that a bed at Butner would not become available until January 28, 2011. Therefore, I convened a further proceeding on December 13, 2010 [11], at which time Diane Dobbins of the U.S. Marshals Service advised that she was looking into other alternatives. Attorney Kimberly Schechter, defendant's standby counsel,[2] stated that defendant was essentially in isolation at Niagara County Jail, being allowed out of his cell only for recreation and a shower. I advised Ms. Schechter that if defendant wanted me to address his status, that an appropriate motion be filed. The government at that time acknowledged its obligation to expedite defendant's psychiatric evaluation.

On January 28, 2011, Ms. Schechter filed this motion for release [12], stating that she "has been advised that the first available date for placement in a treatment facility <u>may</u> occur in the third week of February 2011. Even that date is not firm". Schechter affirmation [12], p.2. She further noted that defendant "is being held in a Special Housing Unit at Niagara County Jail in a psychotic state. This is an isolating situation. He is only permitted out of his room for one hour a day. There are no bars on this room which would allow him to interact with others during the other 23 hours; there are just walls and a metal door. While he is being offered psychotropic

---

[2] At defendant's initial appearance, he stated that he wished to represent himself. However, given my concerns as to his competency, I assigned Ms. Schechter to represent him as standby counsel [2].

drugs, he is not being counseled or evaluated. These conditions simply cannot be considered to be 'treatment and examination in a suitable facility' as is contemplated by the statute. Recent contact with the social worker there indicates that he is not improving and remains in a psychotic state." Id., p.3.

Ms. Schechter suggested that I "consider directing the marshals to transport [defendant] to the Veteran's Administration Hospital where he has been treated in the past. It is further requested that he be released from custody at that point with the condition that he then submit to an evaluation by psychiatrists for in-patient treatment. The defense can arrange to have him re-evaluated for competency after completion of his treatment at that facility. Upon information and belief, that facility has a secured psychiatric unit." Id.

By Text Order dated January 31, 2011 [13], I directed the government and pretrial services to respond to defendant's motion for release on or before February 2, 2011. In a memorandum dated February 1, 2011, probation officer Tina E. Blackman stated that "Pretrial Services continues to assess the defendant as a serious risk of flight and danger which no condition or combination of conditions would reasonably address. In light of this, it is respectfully recommended that the defendant remain detained" [16].

Oral argument on defendant's motion for release was held on February 3, 2011 [14]. At that time, the government was unable to provide me a firm date for defendant's admission to an appropriate facility for a mental examination and treatment. I adjourned the proceedings to February 7, 2011 at 9:30 a.m., and admonished the government to be prepared at that time to either provide a firm date for defendant's admission to a mental health facility, or to

have a Bureau of Prisons representative present or available by telephone to explain why this could not be done [14].

At the continuation of proceedings on February 7, 2011, the government stated that a bed "may" be available for defendant at the Butner facility between February 17 and February 28, 2011, but could not promise that a bed *would* be available. The government offered to begin transporting defendant to Butner at this time, in case a bed becomes available. I fail to see the logic of placing this defendant, who is already disoriented, in transit toward a bed in another state which may not even be available upon his arrival. Therefore, I declined that offer.

**ANALYSIS**

Once I found defendant to be incompetent, I was obligated to "commit the defendant to the custody of the Attorney General". 18 U.S.C. §4241(d). The Attorney General, in turn, was obligated to "hospitalize the defendant for treatment in a suitable facility – (1) for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward". 18 U.S.C. §4241(d)(1). That has not occurred, and the Attorney General *still* cannot tell me when it will. Meanwhile, defendant languishes for 23 hours a day in isolation at the Niagara County Jail.

It should go without saying that this situation simply cannot be tolerated. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987). "It is well-established that commitment for any purpose constitutes a significant deprivation of liberty that requires due

process protection." Jones v. United States, 463 U.S. 354, 361 (1983); United States v. Magassouba, 544 F.3d 387, 407 (2d Cir. 2008). Therefore, "a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." Jackson v. Indiana, 406 U.S. 715, 738 (1972).

The relevant statutes which preceded the enactment of §4241(d) (18 U.S.C. §§4244, 4246) "provided no time limit on such confinement. To avoid constitutional concerns with the prospect of indefinite commitment . . . courts imposed a 'rule of reasonableness' on the statutes, construing them to allow commitment 'only for a reasonable period of time necessary to determine whether there is a substantial chance of the defendant attaining the capacity to stand trial in the foreseeable future'". Magassouba, 544 F.3d at 403.

Section 4241(d) was enacted in order to address the due process concerns posed by indefinite commitment, as identified in Jackson. "In accord with the Supreme Court's holding in Jackson v. Indiana, commitment under section 4241 may only be for a reasonable period of time necessary to determine if there exists a substantial probability that the person will attain the capacity to permit the trial to go forward in the foreseeable future." Magassouba, 544 F.3d at 403 (citing legislative history). However, notwithstanding its legislative history, the text of §4241(d)(1) expressly limits only defendant's hospitalization, *not* his commitment to the custody

of the Attorney General, to a "reasonable period of time, not to exceed four months".[3] "This four-month limitation is, in fact, the only explicit time reference in §4241." Magassouba, 544 F.3d at 405.

If there is no time limitation on defendant's commitment to the custody of the Attorney General, then §4241 is likely unconstitutional. Jackson, 406 U.S. at 733 (expressing "substantial doubt that [statute] could survive constitutional scrutiny if interpreted to authorize indefinite commitment"). Accordingly, I must resort (if possible) to "the rule of constitutional avoidance, which instructs that where an otherwise acceptable construction of a statute would raise serious constitutional problems, a court should construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress". Magassouba, 544 F.3d at 404. Since the legislative history of §4241 suggests that Congress *did* intend to limit a defendant's commitment to a reasonable period of time (id. at 403), I will imply that limitation to the duration of defendant's commitment to the custody of the Attorney General, in order to uphold the validity of the statute.

What, then, is a reasonable period of time for defendant's commitment? Since the outer limit of a reasonable time for the initial period of hospitalization is four months, and since commitment is merely a prelude to hospitalization, I conclude that a reasonable time for commitment should be significantly shorter than four months. "At the least, due process requires

---

[3] Under §4241, the court *commits* the defendant to the custody of the Attorney General, who then has the responsibility to *hospitalize* him. "[T]he use of different words within the same statutory context strongly suggests that different meanings were intended." United States v. Maria, 186 F.3d 65, 71 (2d Cir. 1999). Although at least one other court has held that "§4241(d) caps a criminal defendant's initial *commitment* for incompetency to a period of no more than four months" (*see* United States v. Strong, 489 F.3d 1055, 1062 (9th Cir. 2007), cert. denied, 552 U.S. 1188 (2008)) (emphasis added), I do not believe that the four-month limitation can be read to expressly apply to the period of commitment, as opposed to hospitalization.

that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Jackson, 406 U.S. at 738.

My commitment order issued on November 30, 2010 - over ten weeks ago - and I have yet to hear a satisfactory explanation from the government as to why defendant has not been hospitalized, either at Butner or at another appropriate facility. Under these circumstances, I conclude that unless he poses a danger to the community, defendant's continued commitment violates his right to due process, and that he should be released, with or without conditions.

At defendant's initial appearance, the government moved for detention pursuant to 18 U.S.C. §3142. Detention proceedings were held in abeyance pending the outcome of competency proceedings, but in view of this decision, I see no reason why a detention hearing cannot be held. *See* Magassouba, 544 F.3d at 413 (rejecting argument that an incompetent defendant is exempt from detention proceedings). If defendant is determined to pose a danger to the community, that finding might affect my due process analysis concerning the duration of his confinement. *See* Jackson, 406 U.S. at 734 ("*Without a finding of dangerousness*, one committed . . . can be held only for a reasonable period of time necessary to determine whether there is a substantial chance of his attaining the capacity to stand trial in the foreseeable future") (emphasis added).

**CONCLUSION**

Accordingly, a detention hearing will be held on a date to be determined. On or before February 11, 2011, the parties shall confer and suggest dates for the hearing. Upon conclusion of the hearing, a further decision will issue.

Dated: February 9, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge