UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA                           **DECISION AND ORDER**

v.                                                 10-MJ-1119-JJM

KEVIN P. SMITH,
                          Defendant
_____

        Familiarity with the procedural history of this case, in particular my Decisions and Orders dated February 9, 2011 [17][1] and July 18, 2011 [28], is presumed. On July 18, 2011, I directed that defendant "be recommitted to the custody of the Attorney General, for a period not to exceed 45 days from today's date (unless that time is extended pursuant to 18 U.S.C. §4247(b)) for placement at FMC-Butner, within which time the director of that facility may either issue a dangerousness certificate pursuant to 18 U.S.C. §4246(a) or indicate that such a certificate shall not be issued". July 18, 2011 Decision and Order [28], p.5. By Text Order dated August 12, 2011 [29], I directed the parties to be prepared to proceed with a detention hearing if the dangerousness assessment was not completed by September 1, 2011.

        During proceedings on September 1, 2011 [30], counsel for the government advised that defendant had not yet been transferred to FMC-Butner, but that a bed would be available for him on September 8, 2011. He argued that because defendant had not yet been re-hospitalized at FMC-Butner, the 45-day period referenced in 18 U.S.C. §4247(b) had not yet begun to run. I disagree. §4247(b) authorizes the court to "commit the person to be examined for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility".

---

[1]    Bracketed references are to CM/ECF docket entries.

Contrary to the government's position, the phrase "custody of the Attorney General" is not synonymous with "placement in a suitable facility", since the defendant is in the "custody of the Attorney General" while he awaits the availability of a bed and travels to and from the facility. If Congress had intended the 45-day period in §4247(b) to refer solely to the time spent at the facility, it would have said so, as it did in §4241(d)(1) ("the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months . . . .").

I re-committed defendant to the custody of the Attorney General on July 18, 2011, and the 45-day limitation on that commitment expired on September 1, 2011. Although §4247(b) authorizes the "director of the facility [to] apply for a reasonable extension . . . not to exceed thirty days . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant", no such application was filed. Therefore, I had no authority to commit defendant for a greater period under §4247(b). However, I concluded that it would nevertheless be appropriate in conjunction with a detention hearing under 18 U.S.C. §3142 to return defendant to FMC-Butner for an examination and opinion concerning whether he would pose a danger if released, and I ordered that to occur during proceedings on September 1, 2011.

Upon further consideration, I now question whether I have that authority. In United States v. Magassouba, 544 F.3d 387 (2d Cir. 2008), the court held that an incompetent defendant could be subject to detention under the Bail Reform Act while competency proceedings were still pending: "While an incompetent criminal defendant cannot be placed 'on trial' consistent with due process, there is no similar constitutional bar to his remaining 'pending

trial' *while competency proceedings are resolved*." Id. at 413 (emphasis added). Here, however, the competency proceedings have been resolved, and defendant has been declared incompetent.

There appears to be a split of authority as to whether a defendant in this situation is subject to the Bail Reform Act. In United States v. Peppi, 2007 WL 674746, *5 (D.N.J. 2007), the court held that an incompetent defendant cannot be subject to the Bail Reform Act even if the charges against him have not been dismissed: "The Court notes at the outset that the Bail Reform Act requires that a judicial officer 'issue an order that, pending trial, the person be' released on recognizance or bond, released with conditions, or detained. 18 U.S.C. §3142(a) (2007). The Court remains dubious that there even exists a 'pending trial.' Because [defendant] cannot be brought to trial now, it seems an impermissible fiction to pretend that one is pending. If not pending trial, then the Bail Reform Act could not apply."

By contrast, in United States v. West, 2007 WL 1851305 (D.Colo. 2007), the court held that an incompetent defendant *could* be subject to conditions under the Bail Reform Act, and could even be detained for violating those conditions, although it cautioned that he could not be detained indefinitely.

As the parties know, I have scheduled a further status conference for September 30, 2011 at 2:00 p.m. I understand that defendant arrived at FMC-Butner on or about September 8, 2011. To facilitate further proceedings, the government shall file a written report summarizing FMC-Butner's interim findings concerning defendant's dangerousness by September 23, 2011. Absent further order of the court, defendant shall be produced for the September 30, 2011 conference. Furthermore, on or before September 28, 2011, counsel shall file briefs addressing the scope of my continued authority over defendant in this case, either

under the Bail Reform Act or under the Insanity Defense Reform Act of 1984, 18 U.S.C. §§4241-4247.

**SO ORDERED**

Dated:  September 13, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
